UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE JAMES BRISTOW,

        Plaintiff,

v.

AMERICAN NATIONAL
INSURANCE COMPANY,

        Defendant.
_____/

Case No. 2:20-cv-10752
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

**<ins>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT BUT GRANTING PLAINTIFF'S ORAL MOTION TO WITHDRAW CLAIMS UNDER RULE 41(a)(2) (ECF No. 29), GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 30), DENYING AS MOOT DEFENDANT'S ORIGINAL AND AMENDED MOTIONS FOR PROTECTIVE ORDER (ECF Nos. 40 & 45), AND STRIKING PLAINTIFF'S NOTICE OF WITHDRAWAL OF CLAIM (ECF No. 53)</ins>**

Plaintiff, *in pro per*, filed the instant Telephone Consumer Protection Act (TCPA) action in February 2020, which was removed to this Court on March 20, 2020. (ECF No. 1.) On April 16, 2021, Judge Steeh referred the case to me for all pretrial matters excluding dispositive motions. (ECF No. 31.) Before the Court for consideration are: (1) Plaintiff's motion for leave to file a third amended complaint (ECF No. 29), Defendant's response in opposition (ECF No. 34), and Plaintiff's reply brief (ECF No. 35); (2) Plaintiff's motion to compel discovery

(ECF No. 30), Defendant's response in opposition (ECF No. 39), and the original and amended statements of unresolved issues (ECF Nos. 36 & 37)[1]; and (3) Defendant's original and amended motions for protective order (ECF Nos. 40 & 45), and Plaintiff's responses in opposition (ECF Nos. 41 & 46).

As a result of the COVID-19 pandemic, a hearing via Zoom technology was held on May 25, 2021, at which Plaintiff and counsel for Defendant appeared and the Court entertained oral argument regarding the motions. Defendant's amended motion for protective order was also addressed at the hearing, although it was originally scheduled for a separate hearing on June 17, 2021. Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion for leave to file a third amended complaint (ECF No. 29) is **DENIED**, except to the extent that he seeks to withdraw his claims under 47 U.S.C. § 227(b), which is accomplished through his oral stipulation and motion to withdraw those particular claims, as **GRANTED** from the bench. Additionally, Plaintiff's motion to compel discovery (ECF No. 30) is **GRANTED**

---

[1] My Practice Guidelines require that parties file joint statements of unresolved issues for discovery motions, but ECF Nos. 36 & 37 were signed and filed by Plaintiff only.

**IN PART** and **DENIED IN PART**, and Defendant's original and amended motions for protective order (ECF Nos. 40 & 45) are **DENIED AS MOOT**.

A.     **Plaintiff's Motion for Leave to File a Third Amended Complaint**

Plaintiff seeks to amend his complaint to withdraw his claims under 47 U.S.C. § 227(b) of the TCPA, added to the action as part of his second amended complaint (ECF No. 14, PageID.236-237, ¶¶ 36-43), and to add a count alleging knowing and willful violations of 47 U.S.C. § 227(c).  (ECF No. 29; ECF No. 29-4.)

At the hearing, Plaintiff orally moved for dismissal of his 47 U.S.C. § 227(b) claims, and the parties stipulated to dismissal on the record.  However, on May 31, 2021, Plaintiff filed a notice of withdrawal of claim to that effect.  (ECF No. 53.) Under Fed. R. Civ. P. 41, a plaintiff may voluntary dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment, or a stipulation of dismissal signed by all parties who have appeared.  Fed. R. Civ. P. 41(a)(1)(A).  But Plaintiff first raised the 47 U.S.C. § 227(b) claims in his second amended complaint (ECF No. 14, PageID.236-237, ¶¶ 36-43), which Defendant answered on January 18, 2021 (ECF No. 25), and then filed an amended answer to on May 21, 2021 (ECF No. 48), and his notice of voluntary dismissal bears only his signature (ECF No. 53).

Accordingly, the Court STRIKES Plaintiff's notice of voluntary dismissal (ECF No. 53), and rather than allow Plaintiff to dismiss his 47 U.S.C. § 227(b) claims by amendment to the complaint, **DISMISSES** those claims **WITH PREJUDICE**, in light of Plaintiff's admissions at the hearing and two written acknowledgments that these claims should be dismissed for lack of viability in light of the Supreme Court's recent decision in *Facebook v. Druguid*, 141 S.Ct. 1163 (2021). (ECF No. 36, PageID.586-587; ECF No. 37, PageID.591-592.) *See* Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). *See also Ramirez v. Borders*, No. CV 18-5276 VAP (SS), 2018 WL 6118603, at *2 (C.D. Cal. July 17, 2018) ("The Magistrate Judge has authority to grant a voluntary dismissal of claims . . . .") (referencing *Bastidas v. Chappell*, 791 F.3d 1155, 1165 (9th Cir. 2015) (magistrate judge has authority to grant petitioner's voluntary dismissal of claims).

Additionally, for the reasons stated on the record and below, Plaintiff's request to amend his complaint to add a count alleging knowing and willful violations of 47 U.S.C. § 227(c) is **DENIED**. Under Fed. R. Civ. P. 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court. The rule provides that the court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).

"Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

The Court finds first that the proposed amendment would be futile. "A proposed amendment is futile of the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dept. of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). "The test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 421.

If a defendant knowingly or willfully violates the regulations prescribed under 47 U.S.C. § 227(c), the court may increase the amount of damages awarded. 47 U.S.C. § 227(c)(5). Plaintiff asserts that Defendant's alleged violations of 47 U.S.C. § 227(c) were knowing and/or willful because he was on the Do-Not-Call Registry and Defendant failed to check the Registry before placing the subject phone calls. However, this district has repeatedly interpreted similar language in the context of 47 U.S.C. § 227(b) as requiring knowledge or conduct beyond a

5

mere violation of the TCPA. *See Harris v. World Fin. Network Nat'l Bank*, 867 F.Supp.2d 888, 895 (E.D. Mich. 2012) ("The Court disagrees with Plaintiff's position that, in order to establish that Defendants' conduct was willful or knowing, he must only demonstrate that Defendants intended to use the autodialer to place the calls. . . . Plaintiff must also show that Defendants knew that Plaintiff did not consent to the phone calls."); *Currier v. PDL Recovery Group, LLC*, No. 14-12179, 2017 WL 712887, at *10 (E.D. Mich. Feb. 23, 2017) (to demonstrate a knowing violation of 47 U.S.C. § 227(b), a plaintiff must show that the defendant knew he or she did not consent to the phone calls); *Duchene v. Onstar, LLC*, No. 15-13337, 2016 WL 3997031, at *7 (E.D. Mich. July 26, 2016) ("[T]he Court holds that a willful or knowing violation of TCPA requires that Plaintiff has to plead that Defendant was made aware of/notified that Plaintiff did not consent to calls from Defendant."). And the Court is unconvinced that these cases are distinguishable because they interpret the knowing and willful language in 47 U.S.C. § 227(b) as opposed to 227(c); nor does Plaintiff challenge the application of this reasoning here on that basis, instead relying on state court and out-of-circuit or out-of-district federal decisions to distinguish the above cases. (ECF No. 29, PageID.400, 402-405; ECF No. 35, PageID.556-561.) Further, Plaintiff concedes that there is no binding case law to the contrary, and that the statute and associated regulations do not themselves explicitly provide that mere failure to check the Do-

6

Not-Call Registry constitutes a knowing or willful violation of 47 U.S.C. § 227(c). Nor does the constructive notice which may be afforded by the Registry automatically mean that calling someone on the Registry equates to a willful or knowing violation of the TCPA. While that may constitute a *violation* of the TCPA, *something more* than a mere violation is required in order to elevate it to a willful or knowing one, lest *every* violation be subject to the treble damage provision of the Act. This District has repeatedly determined that the "something more" is *actual* knowledge, not mere constructive knowledge, and not a mere violation of the statute.

In his proposed third amended complaint, Plaintiff alleges that the subject calls took place between February 3 and February 10, 2020, and that during a February 10 telephone conversation with an agent of Defendant, Plaintiff asked why he had received the calls, and was informed that he would be removed from the list. (ECF No. 29-4, PageID.459-463, ¶¶ 14-33.) Interestingly, Plaintiff's homemade transcript of the February 10 telephone conversation, as included in his proposed third amended complaint (but without acceptance by this Court as authentic), depicts Plaintiff as interrogating the agent, fishing for information, and baiting the agent to implicate Defendant, but not actually informing the agent either that Plaintiff was on the Do-Not-Call Registry or that he wanted no further calls to be made, instead stating that that he was "just trying to sort it out . . . ."

(ECF No. 29-4, PageID.461-463.) Thus, the "transcript" appears to depict Defendant's agent as *unilaterally* taking Plaintiff off the call list, without necessarily or directly being asked to do so. (ECF No. 29-4, PageID.463 ("And I'll just take you off the list, I'll get you off this list – I'll send it right now to my supervisor and that way it doesn't happen again.")) And Plaintiff includes no allegations of additional calls after that February 10 conversation, and admitted on the record that he in fact received no further calls from Defendant. Accordingly, Plaintiff's proposed claims would not survive a Rule 12(b)(6) motion to dismiss, as he does not plead that Defendant continued to call despite notification of his denial of consent or otherwise plead a knowing or willful violation of the TCPA.

The Court also finds that granting Plaintiff's motion to amend would result in undue delay. "Delay alone will ordinarily not justify the denial of leave to amend; however, delay will at some point become 'undue,' 'placing an unwarranted burden on the court,' or 'prejudicial,' 'placing an unfair burden on the opposing party.'" *Comm. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). Plaintiff's proffered explanation for his delay in proposing the instant amendments, over a year after filing his original complaint, are not well taken. Nothing in recent Sixth Circuit authority or in the Supreme Court's decision in *Facebook*, cited by Plaintiff in support of his motion, should have affected timing,

8

and Plaintiff has greatly exaggerated his perceived discovery issues with Defendant. Further, Plaintiff's delay is undue. Although allowing Plaintiff's proposed amendments at this juncture would not particularly prejudice Defendant, it would place an unwarranted burden on the Court, as Plaintiff has already amended his pleadings twice before (ECF Nos. 5 & 14), and a third amendment would undoubtedly lead to yet another dispositive motion on the pleadings, similar to the motions filed against the prior versions of the complaint.

Accordingly, Plaintiff's motion for leave to file a third amended complaint (ECF No. 29) is **DENIED**.

**B.** **Plaintiff's Motion to Compel Discovery**

Plaintiff's motion to compel discovery (ECF No. 30), as modified by the amended statement of unresolved issues (ECF No. 37), is **GRANTED IN PART** and **DENIED IN PART**. The Court **ORDERS** that Defendant, in light of its affirmative defense No. 3 (ECF No. 48, PageID.815), provide a sworn response to Plaintiff's Interrogatory No. 6 (ECF No. 30, PageID.485; ECF No. 30-2, PageID.520) by **Tuesday, June 1, 2021**, as well as the documentation requested in Request for Production Nos. 3 [sic] and 4 (ECF No. 30, PageID.477; ECF No. 30-3, PageID.531-532), on or before **Tuesday, June 8, 2021**. However, to the extent Plaintiff requested an extension of discovery as part of his motion, that request is **DENIED** per Plaintiff's representations on the record that he no longer needs a

discovery extension. All other issues raised in the motion were previously resolved. (ECF Nos. 36, 37.)

**C.      Defendant's Motions for Protective Order**

Based upon the statements made by both parties on the record, the Court's ruling on Plaintiff's motion to compel resolves Defendant's original and amended motions for protective order (ECF Nos. 40 & 45), and they are **DENIED AS MOOT**.

The Court awards no costs, neither party having prevailed in full. *See* Fed. R. Civ. P. 37(a)(5)(C).

**IT IS SO ORDERED.**

Dated: June 1, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE